## PAUL WILSON v. THE STATE.

### No. 2598. Decided January 28, 1903.

**1.—Confession.**

It is no objection to the admissibility in evidence of defendant's confession made while he was in jail, and after he had been warned by an officer, that the confession was not made to the officer, but to a third party who was present when the warning was given by the officer, and after defendant had refused to make a statement in presence of the officers; and, after the officers retired, upon defendant's stating that he did not want the officers to hear what he had to say.

**2.—Same.**
    The fact that the witness who testified to the confession made to him was a friend of defendant, would not render the confession involuntary.

Appeal from the District Court of Navarro. Tried below before Hon. L. B. Cobb.

Appeal from a conviction of cattle theft; penalty, two years imprisonment in the penitentiary.

*J. T. Williams,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of cattle theft, and his punishment assessed at confinement in the penitentiary for a term of two years.

The first bill of exceptions shows that the State introduced Charley Brown as a witness to the alleged confession of defendant while in jail; but his testimony was excluded by the court on the ground that, defendant being in jail, it was not shown to the satisfaction of the court that the confession was voluntary. This occurred on the former trial. On this trial the State introduced said witness, who, upon preliminary examination by defendant's counsel, stated that he went with Grantham, the constable, to the jail, and said constable warned defendant by telling him that any statement he might make could be used against him on his trial; that defendant refused to make his statement in the presence of the officers, but stated he would talk to the witness, and did not want the officers to hear what he had to say, whereupon the officers retired, and defendant told witness that he had known him a long time. "Defendant objected to the testimony of said witness on the ground that he was in jail, and had not been properly and legally warned; that the officers and witness were guilty of improper conduct in taking defendant from his cell and trying to get him to make a statement; that the circumstances under which the proposed confession were made clearly show that defendant made same under the belief that said witness was his friend, and that he would receive some assistance and be rewarded by the aid of witness in some way if he would make the statement, and there would be no danger in making the statement to witness after the officers had retired; that said statement was not voluntary." The objections were overruled, and witness testified to the following statement: That he had known defendant several years. He had worked for witness. About May 21, 1902, witness met defendant in Corsicana and Chatfield road about 8 or 9 o'clock in the morning. He was walking, and driving a cow and calf. The cow was a Jersey. This was about two miles from Corsicana, in the Walton lane. Several days after that, witness went with Grantham, constable, to jail, and saw defendant in jail, and had a talk with him. Grantham warned him, telling defendant that any statement he might make

could and would be used against him, and that nothing he said could be used for him. Defendant then said that he wanted to talk to witness alone. Grantham and Rankin, the jailer, retired, and witness had a talk with defendant. "I again warned him, and told him that anything he said could be used against him and not for him. He said that he would talk with me. I told him I wanted to know where the cow was. He told me she was in a little cleared place on the left of the Walton lane, and about two miles from town, and about one-half of a mile from the Walton lane. The cow was not there when we went to look for her. This place is near town, and is not four miles from town, and is not the place described by McCuiston as the place where he bought the cow from defendant, and put her in a pen, on the side of the road. Defendant, in his conversation with me, said that he had got mad with Gennussa, and that his mind left him, and he just stole the cow. He said he did not know why he did it. The defendant told me in this conversation that he would give me $40 to quash the thing." The fact that appellant made the confession, after being warned, to witness, instead of the officers, is not a matter rendering the testimony inadmissible. The testimony on the part of appellant is that he denied in toto making the confession to witness, and there is no testimony indicating any hope of reward, or that the statement was involuntary. The fact that witness was a friend of defendant would not render it involuntary, and the warning in this instance was the statutory warning. The court did not err in admitting this testimony.

Appellant insists "that the evidence is not sufficient. The defense was that Gennussa let defendant have the cow and calf to pay himself for work done for said Gennussa. This is denied by Gennussa, and is not corroborated by any witness; but defendant is supported by all the witnesses." This statement is not borne out by the record before us, since the record shows that the prosecuting witness' testimony is corroborated in various ways, together with the confession of defendant that he stole the animal. The charge of the court covers every phase of the evidence.

No error appearing in this record, the judgment is affirmed.

*Affirmed.*